David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
(T) (702) 880-5554
(F) (702) 967-6665
dkrieger@hainesandkrieger.com

*Attorneys for Plaintiff*
*CALVIN M. FAULEY*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CALVIN M. FAULEY, | Case No. 2:17-cv-02962-RFB-VCF |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| SETERUS, INC., | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between Plaintiff CALVIN M. FAULEY ("Plaintiff") and Defendant SETERUS, INC. ("Seterus") (collectively, the "Parties"), by and through their counsel of record, agree to enter into a Confidentiality Agreement and Stipulated Protective Order ("Order") as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to Seterus and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. In this Stipulated Protective Order, the words set forth below shall have the following meanings:

(a) "**Proceeding**" means the above-entitled proceeding *Calvin M. Fauley v. Ocwen Loan Servicing, LLC et al.*, Case No. 2:17-cv-02962-RFB-VCF in the United States District Court, District of Nevada

(b) "**Court**" means the Honorable Richard F. Boulware or any judge to which this Proceeding may be assigned, including Court staff participating in any such proceedings.

(c) "**Document**" or "**Documents**" means (i) any "Writing," "Original," and "Duplicate" means any writing or recording as defined in NRS 52.225, and includes all forms of electronic data, produced in a legible and readable format. "Document" shall also include any data compilation from which information can be obtained or translated if necessary through detection devices into reasonably usable form, which have been produced in discovery in this Proceeding by any person or entity, and any copies, reproductions, or summaries of all or any part of the foregoing.

(d) "**Testimony**" means all depositions, declarations, or other testimony taken or used in this Proceeding.

(e) "**Information**" means the content of Documents or Testimony.

(f) "**Confidential**" means a Document, Testimony, or Information which is in the possession of a Designating Party who believes in good faith that such Document, Testimony, or Information is entitled to confidential treatment under applicable law.

(g) "**Confidential Materials**" means any Documents, Testimony, or Information designated as "Confidential" pursuant to the provisions of this Stipulated Protective Order.

(h) "**Highly Confidential**" means any Information which belongs to a Designating Party who believes in good faith that the Disclosure of such Information to another Party or non-Party would create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means.

(i) **"Highly Confidential Materials"** means any Documents, Testimony, or Information designated as "Highly Confidential" pursuant to the provisions of this Stipulated Protective Order.

(j) **"Designating Party"** means the Party or non-Party that designates Documents, Testimony, or Information as "Confidential" or "Highly Confidential."

(k) **"Receiving Party"** means a Party that receives Documents, Testimony, or Information from a Designating Party.

(l) **"Disclose"** or **"Disclosed"** or **"Disclosure"** means to reveal, divulge, give, or make available any Confidential Materials or Highly Confidential Materials, or any part thereof, or any information contained therein.

2. This Order shall govern the use, handling and disclosure of all Documents, Testimony or Information produced or given in this Proceeding which are designated to be subject to this Order in accordance with the terms hereof.

3. Each Party or non-Party that designates Documents, Testimony, or Information for protection under this Stipulated Protective Order must take care to limit any such designation to the specific material that qualifies under the appropriate standards.

(a) The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony, or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law and/or the terms of this Stipulated Protective Order.

(b) The Designating Party shall have the right to designate as "Highly Confidential" only the non-public Documents, Testimony, or Information that the Designating Party in good faith believes would create a substantial risk of serious financial or other injury, if Disclosed to another Party or non-Party, and that such risk cannot be avoided by less restrictive means.

4. Any party or non-party producing or filing Documents, Testimony, or Information in this Proceeding may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the

document for which confidential treatment is designated, "Confidential" or notating the same in a Disclosure of Witnesses and Documents made pursuant to Fed. R. Civ. P. Rule 16, and any supplements thereto, clearly identifying the applicable Bate number ranges.

5. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Any party filing any document under seal must comply with the requirements of Local Rules.

6. All Documents, Testimony, or Information subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person, including Plaintiff, and Seterus, for commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this Proceeding in accordance with the provisions of this Order.

7. All depositions or portions of depositions taken in this Proceeding that contain confidential information may be designated as "Confidential" and thereby obtain the protections accorded other confidential information. The parties shall have twenty-one (21) days from the date a deposition is taken, or fourteen (14) days from the date a deposition transcript is received, whichever date is greater, to serve a notice to all parties designating portions as "Confidential." Until such time, all deposition testimony shall be treated as confidential information. To the extent any designations are made on the record during the deposition, the designating party need not serve a notice re-designating those portions of the transcript as confidential information. Any party may challenge any such designation in accordance with Paragraph 14 of this Order.

8. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated

confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the producing party in connection with their depositions in this Proceeding (provided that no former employees shall be shown documents prepared after the date of his or her departure); (f) court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding) provided that it is noted on the record that the materials are Confidential Materials and subject to this Protective Order; and (g) experts specifically retained as consultants or expert witnesses in connection with this litigation.

9. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 8 (g) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

10. Third parties who are the subject of discovery requests, subpoenas or depositions in this case may take advantage of the provisions of this Protective Order by providing the parties with written notice that they intend to comply with and be bound by the terms of this Protective Order.

11. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned Proceeding between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and for the purposes specified, and in no event, shall such person make any other use of such document or transcript.

12. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

13. This Order has been agreed to by the parties to facilitate discovery and the

production of relevant evidence in this Proceeding. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this Proceeding.

14. Inadvertent failure to designate any document, transcript, or other materials "Confidential" will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is promptly asserted after discovery of the inadvertent failure. If a party designates a document as "Confidential" after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order, and upon request from the producing party certify that the designated documents have been maintained as confidential information. **The designating party shall have the burden of proving that any document designated as CONFIDENTIAL is entitled to such protection.**

15. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceeding of any Document, Testimony, or Information during discovery in this Proceeding without a "Confidential" or "Highly Confidential" designation shall be without prejudice to any claim that such item is "Confidential" or "Highly Confidential," and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony, or Information that is subject to a "Confidential" or "Highly Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the Document, Testimony, or Information shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony, or Information designated as "Confidential" or "Highly Confidential" (the "**Inadvertent Production Notice**"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony, or Information shall promptly destroy the inadvertently produced Document, Testimony, or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" or "Highly Confidential" materials. Should the Receiving Party choose to destroy such inadvertently produced Document, Testimony, or

Information, the Receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Document, Testimony, or Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

16. Within sixty (60) days after the final termination of this litigation, all Document, Testimony, or Information afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party. In lieu of return, the parties may agree to destroy the documents, to the extent practicable. In the event that any party to this litigation disagrees at any point in these Proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Protective Order.

17. Any Party may challenge a "Confidential" or Highly Confidential" designation at any time. Unless a prompt challenge to a Designating Party's designation is necessary to avoid foreseeable and substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. In the event that counsel for a Party receiving Documents, Testimony, or Information in discovery designated as "Confidential" or "Highly Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the reasons for such objections (the "**Designation Objections**"). Counsel for the Designating Party shall have thirty (30) days from

receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony, or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony, or Information addressed by the Designation Objections (the "**Designation Motion**"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony, or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" or "Highly Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in a Designation Motion, then such Documents, Testimony, or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

18. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

19. The Court retains the right to allow disclosure of any subject covered by this Order or to modify this stipulation at any time in the interest of justice.

20. Entering into, agreeing to and/or producing or receiving Confidential materials, or otherwise complying with the terms of this Order shall not:

(a) operate as an admission by any party that any particular Confidential material contains or reflects any type of confidential information;

(b) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential material;

(c) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

(d) prejudice in any way the rights of a party to seek a determination by the Court whether any document or information requested or produced in this Proceeding during the

receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony, or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony, or Information addressed by the Designation Objections (the "**Designation Motion**"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony, or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" or "Highly Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in a Designation Motion, then such Documents, Testimony, or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

18. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

19. The Court retains the right to allow disclosure of any subject covered by this Order or to modify this stipulation at any time in the interest of justice.

20. Entering into, agreeing to and/or producing or receiving Confidential materials, or otherwise complying with the terms of this Order shall not:

(a) operate as an admission by any party that any particular Confidential material contains or reflects any type of confidential information;

(b) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential material;

(c) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

(d) prejudice in any way the rights of a party to seek a determination by the Court whether any document or information requested or produced in this Proceeding during the

course of discovery or otherwise, or Confidential material should be subject to the terms of this Order;

    (e) prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

    (f) prevent the parties to this Stipulation and Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular information or documents requested or produced in the course of discovery or otherwise.

/ / /

/ / /

20. The Parties agree to be bound by the terms of this Stipulation and Order pending its the entry by the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if the same had already been entered by the Court.

21. This Order shall survive the termination of this litigation. This Court shall retain jurisdiction, even after termination of this lawsuit, to enforce this Order and to make such amendments and modifications to this Order as may be appropriate.

**IT IS SO STIPULATED.**
Dated March 6, 2018

| */s/ David H. Krieger, Esq.* | /s/ Natalie C. Lehman, Esq. |
|---|---|
| David H. Krieger, Esq. | Natalie C. Lehman, Esq. |
| Nevada Bar No. 9086 | Wright, Findlay & Zak, LLP |
| HAINES & KRIEGER, LLC | 7785 W. Sahara Ave. |
| 8985 S. Eastern Avenue, Suite 350 | Suite 200 |
| Henderson, Nevada 89123 | Las Vegas, NV 89117 |
| Office: (702) 880-5554 | Office: (702) 475-7964 |
| dkrieger@hainesandkrieger.com | nlehman@wrightlegal.net |
| | |
| Attorneys for Plaintiff | Attorneys for Defendant |
| *CALVIN M. FAULEY* | *SETERUS, INC*. |

**ORDER**

**IT IS SO ORDERED.**
    March 6, 2018
Dated: _____, _____

_____
UNITED STATES MAGISTRATE JUDGE
Case No. 2:17-cv-02962-RFB-VCF

# EXHIBIT A

# DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4  I have received a copy of the Stipulated Protective Order entered in this Proceeding on _____, 20\_\_\_.

5. I have carefully read and understand the provisions of this Stipulated Protective Order in Case No. 2:17-cv-02962-RFB-VCF.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present Proceeding.

9. Upon termination of this Proceeding, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this Proceeding, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

…

…

…

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this Proceeding and agree that this Court shall have continuing jurisdiction to enforce the Stipulated Protective Order after the conclusion of the Proceeding.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this ____ day of _____, 2018 at _____.

                                                                         _____
                                                                          Qualified Person